# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRYAN HISER,

        Plaintiff,

vs.

NEVADA DEPARTMENT OF CORRECTIONS et al.,

        Defendants.

2:15-cv-0814-RCJ-PAL

**ORDER**

This case arises out of the alleged transfer of a pretrial detainee to prison while a judgment of conviction had been vacated. Pending before the Court is a Motion for Judgment on the Pleadings (ECF No. 19). For the reasons given herein, the Court grants the motion as a motion for summary judgment.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff Bryan Hiser was convicted of an unspecified offense in state court, but his judgment of conviction was vacated on or about January 31, 2013. (*See* Compl. ¶ 22, ECF No. 1, at 6). Thereafter, he spent sixteen months in the custody of the Nevada Department of Corrections ("NDOC") without a judgment of conviction, when he should have been returned to the Clark County Detention Center ("CCDC") to await retrial or resentencing. (*See id.* ¶ 24). He was placed in solitary confinement for complaining of the detention with NDOC. (*See id.* ¶ 26).

At some point, Plaintiff was transferred back to CCDC, where the state court judge ordered he remain, but CCDC personnel maliciously transferred him back to NDOC. (*Id.* ¶ 28).

Plaintiff sued NDOC, the Las Vegas Metropolitan Police Department ("Metro"), and seven individual Defendants in state court for: (1) "unlawful detention" in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983; (2) municipal liability of Metro under *Monell*; (3) false imprisonment; and (4) negligence. Metro removed, and the other Defendants consented. Metro has moved for judgment on the pleadings.

## II.   LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standards governing a Rule 12(c) motion are the same as those governing a Rule 12(b)(6) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference . . . is the time of filing. . . . [T]he motions are functionally identical . . . .").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden,

summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. ANALYSIS**

Metro argues that Plaintiff's conviction was never vacated but only his sentence. Specifically, the state court vacated Plaintiff's sentence so that Plaintiff could be transferred to federal custody to begin serving his federal sentence and then be resentenced in state court so that the state and federal sentences would run concurrently.  Otherwise, Plaintiff's federal

sentence would not begin to run until he was transferred to federal custody at the completion of his state sentence, with the effect that the sentences would run consecutively. However, the U.S. Marshal's Office never retrieved Plaintiff once his sentence was vacated, and he ended up back at NDOC. He was never falsely imprisoned, however, because it had always been the state court's intention to continue his detention pending resentencing, and he received time served against his resentencing for the time he spent at both NDOC and CCDC while his sentence (but not his conviction) was vacated.

The question is whether it is unconstitutional for a state to house a pretrial detainee in a facility traditionally used to house convicts as opposed to a facility traditionally used to house those awaiting trial. Pretrial detention is not per se unlawful, and Plaintiff makes no Eighth Amendment claim of excessive bail. Plaintiff admits on the face of the Complaint that he was at least a pretrial detainee, because he notes that the state court judge ordered that he remain at CCDC during the relevant time period, and the gravamen of the Complaint is that Plaintiff should have been kept at CCDC, not that he should have been released from custody altogether. (*See* Compl. ¶¶ 28–35). But that is still not enough to allege that the detention was unlawful if it is true that only Plaintiff's sentence, and not his conviction, had been vacated. Pretrial detainees may have a liberty interest against being held in solitary confinement (which Plaintiff alleges he suffered at NDOC) and perhaps against other aspects of incarceration in a state prison that are more onerous than incarceration in a county jail, but convicted defendants awaiting sentencing do not have any such liberty interests. *See Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000).[1]

---

[1] The Court notes that it is Plaintiff's right against the denial of liberty without due process of law under the Fourteenth Amendment that is at issue here, not his right against unreasonable seizure under the Fourth Amendment. Just as Plaintiff does not allege excessive bail, neither does he allege excessive force or an arrest without probable cause. Nor does Plaintiff allege that the conditions of solitary confinement in NDOC satisfied the *Sandin* standard such that he was

The Court must accept all allegations in the Complaint as true for the purposes of the present motion, and Plaintiff indeed alleges his conviction itself had been vacated, not only his sentence. But the Court will transform the present motion into a motion for summary judgment. By attaching evidence to the motion and opposition, both sides have invited treatment of the motion under Rule 56, *see Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004), and Plaintiff is represented by counsel, obviating the strict notice requirements under *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1992).

Metro adduces the transcript of a hearing concerning the location of Plaintiff's incarceration that tends to show that the sentence alone, and not the conviction, had been vacated so that the state court could maneuver Plaintiff into a state sentence concurrent with his federal sentence. Metro also adduces a copy of Plaintiff's state habeas corpus petition dated and verified by Plaintiff on February 10, 2013, indicating that he was convicted for the relevant offense on "OCT 18." (*See* Petition, ECF No. 19-2). Metro also adduces a copy of the docket of the relevant state court case indicating sentencing on June 26, 2012. (*See* Docket Printout, ECF No. 19-3, at 1). The discrepancy in the dates is explained by a copy of the minutes of a status check in the state court on October 18, 2012, wherein the Court vacated the sentence but not explicitly the conviction, and released Plaintiff "to Federal Marshals only." (*See* Mins., ECF No. 19-3, at 5). A new judgment was entered after resentencing. (*See* J., Aug. 14, 2014, ECF No. 19-3, at 15). This evidence, if uncontroverted at trial would entitle Metro to a directed verdict on the issue of whether Plaintiff was a convict awaiting resentencing during the relevant times and

---

due additional process under *Wolff* before being put into solitary confinement, assuming he was properly at NDOC in the first instance.

therefore that he had no liberty interest against incarceration with NDOC. *See Resnick*, 213 F.3d at 448.  Metro has therefore satisfied its initial burden on summary judgment.

Metro also argues that the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Metro has satisfied its initial burden on this issue, as well.  If the Court were to rule that Plaintiff had been unlawfully detained under the Constitution due to his transfer to NDOC, it would necessarily undermine the validity of his conviction, because a constitutional violation can only have occurred under the present circumstances if there had been no conviction, not merely because the sentence had been vacated for resentencing. *See Resnick*, 213 F.3d at 448.

Plaintiff, however, has satisfied his shifted burden to show a genuine issue of material fact for trial.  He has adduced a copy of an order from the state court issued in his state habeas corpus proceeding, presided over by the same district court judge as the underlying criminal case, showing that the conviction itself had been vacated. (*See* Order, Mar. 5, 2013, ECF No. 25-1).  In that order, the state court judge noted that "On February 4, 2013, the Court Ordered that Defendant's sentencing is vacated *and that the current Judgment of Conviction is stricken*." (*Id.* 1 (emphasis added)).  Indeed, the state court judge denied Plaintiff's habeas corpus petition precisely because only persons convicted of crimes may file such petitions under Nevada Revised Statutes section 34.724(1), and "The Petitioner has not been convicted and sentenced since the Court vacated the Petitioner's sentence and ordered the Judgment of Conviction be stricken." (*See id.* 2).  This evidence at least creates a genuine issue of material fact as to whether Plaintiff's conviction itself had been vacated during the relevant times.

The evidence also prevents summary judgment based on *Heck*, because it creates a genuine issue of material fact as to whether there was any conviction during the relevant time period that this Court's rulings might undermine.  The Court rejects Metro's argument that a

verdict in favor of Plaintiff in the present case would undermine his conviction because he was given credit against his resentencing for the time he served while the conviction was vacated. If Plaintiff is correct that his judgment of conviction had been vacated for some period—and he has produced evidence sufficient for a jury to find for him on the issue—then he was a pretrial detainee during that period (January 1, 2013 to May 29, 2014). The fact that convicts are given credit for pre-conviction detention even though they have not yet been convicted during that period does not undermine the eventual conviction. Plaintiffs may be detained pretrial without any conviction, and that appears to have been the state of affairs in this case both before the first judgment of conviction was entered and between the time the first judgment of conviction was vacated and the second judgment of conviction was entered. Plaintiff has provided sufficient evidence that he suffered conditions of confinement that could only be justified by a conviction during a period of time when he was only a pretrial detainee. The Court does not perceive Plaintiff to allege that his detention during the relevant period was per se illegal, only that the conditions of his confinement were not justified while he was a pretrial detainee, specifically the solitary confinement that can only be justified in a post-conviction setting.

Still, Metro is entitled to summary judgment because the only claim that survives—the underlying § 1983 claim—may only be brought against individual Defendants, not against Metro, which is a municipality for the purposes of § 1983. First, Plaintiff has produced no evidence that Metro has any policy or custom of housing pretrial detainees in state prisons, so there is no evidence of *Monell* liability to present to a jury. Indeed, Plaintiff's own evidence of the state judge's comments indicates that this case was an aberration. Second, Plaintiff appears to admit that he was at least a pretrial detainee, and no false imprisonment claim can therefore succeed. He has only argued unlawful restrictions against his liberty under the Fourteenth

Amendment based on his housing in a state prison while he was a pretrial detainee. He has complained only of the place and conditions of his confinement,[2] not of the fact of his confinement. Third, the negligence claim is obviated by the intentional torts alleged. Plaintiff alleges intent throughout the Complaint. Alleged failures to "refrain from" committing various intentional torts, (*see* Compl. ¶ 60), do not support a separate substantive claim for negligence but merely constitute a grammatical restatement of the intentional tort claims.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings (ECF No. 19) is GRANTED as a motion for summary judgment.

IT IS FURTHER ORDERED that the Motion Pursuant to Rule 56(d) (ECF No. 26) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of September, 2015.

_____
ROBERT C. JONES
United States District Judge

---

[2] Even as against the individual Defendants, who have not yet moved against the Complaint, Plaintiff may or may not have sufficiently alleged or provided evidence of any Fourteenth Amendment violations. Confinement in a place traditionally used to house convicts is not necessarily an unlawful deprivation of liberty as against a lawfully detained pretrial detainee if his freedom is not restrained in ways a state does not have discretion to restrain the freedom of a pretrial detainee. The title or administrative governance of the building in which one is housed is of no consequence to the substance of the right. Transportation out of the county in which one is charged before conviction may implicate a liberty interest, and certain conditions of confinement may implicate a liberty interest regardless of conviction, but the Court needn't address those issues closely yet, because no individual Defendants who may be amenable to the underlying § 1983 claim has yet moved against the Complaint.