UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN HISER,<br><br>      Plaintiff,<br><br>vs.<br><br>NEVADA DEPARTMENT OF CORRECTIONS et al.,<br><br>      Defendants. | 2:15-cv-0814-RCJ-PAL<br><br>**ORDER** |

This case arises out of the continued detention of a pretrial detainee in a state prison while he awaited resentencing. Pending before the Court is a Motion to Dismiss (ECF No. 32). For the reasons given herein, the Court grants the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff Bryan Hiser was convicted of a criminal offense in state court, but his judgment of conviction was vacated on or about January 31, 2013. (Compl. ¶ 22, ECF No. 1, at 6). Thereafter, he spent sixteen months in the custody of the Nevada Department of Corrections ("NDOC") while awaiting resentencing, and he argues he should have been returned to the Clark County Detention Center ("CCDC") during this time period. (*Id.* ¶ 24). For some period of time, he was placed in solitary confinement. (*See id.* ¶ 26). At some point, Plaintiff was transferred

back to CCDC, where the state court judge ordered he remain, but CCDC personnel later transferred him back to NDOC. (*Id.* ¶ 28).

Plaintiff sued NDOC, the Las Vegas Metropolitan Police Department ("Metro"), and seven individual Defendants in state court for: (1) "unlawful detention" in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983; (2) municipal liability of Metro under *Monell*; (3) false imprisonment; and (4) negligence. Metro removed, and the other Defendants consented. Metro moved for judgment on the pleadings, and the Court granted the motion as a motion for summary judgment based on a lack of evidence of any policy or custom to engage in the alleged unconstitutional acts. The remaining Defendants have now moved to dismiss for lack of jurisdiction.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen*, 511 U.S. at 377. A party may move to dismiss for lack of subject matter jurisdiction under the federal rules. Fed. R. Civ. P. 12(b)(1). Additionally, a court may raise the question of subject matter jurisdiction *sua sponte* at any time during an action. *United States v. Moreno–Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). Regardless of who raises the issue, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106–88 to 106–89 (3d ed. 2005)).

**B.     Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the

court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.    ANALYSIS

Defendants argue, as Metro argued in its previous motion, that Plaintiff cannot complain of his detention in a state prison (as opposed to the county jail) for the sixteen months after his

judgment of conviction was vacated but before he was resentenced, because at a minimum he was properly in pretrial custody based on one or more active indictments and because he received time served for the sixteen-month period at his resentencing. Defendants argue that Plaintiff therefore suffered no injury-in-fact and has no Article III standing. The Court addressed the core issue only in a footnote in its previous order, noting that Plaintiff's claims were governed by the Due Process Clause of the Fourteenth Amendment, and that:

> Even as against the individual Defendants, who have not yet moved against the Complaint, Plaintiff may or may not have sufficiently alleged or provided evidence of any Fourteenth Amendment violations. Confinement in a place traditionally used to house convicts is not necessarily an unlawful deprivation of liberty as against a lawfully detained pretrial detainee if his freedom is not restrained in ways a state does not have discretion to restrain the freedom of a pretrial detainee. The title or administrative governance of the building in which one is housed is of no consequence to the substance of the right. Transportation out of the county in which one is charged before conviction may implicate a liberty interest, and certain conditions of confinement may implicate a liberty interest regardless of conviction, but the Court needn't address those issues closely yet, because no individual Defendants who may be amenable to the underlying § 1983 claim have yet moved against the Complaint.

(Order 6 n.1, ECF No. 36). The issue now squarely presents itself. The constitutional test is whether the conditions under which a pretrial detainee is housed constitute "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Conditions of confinement constitute unlawful pre-conviction punishment where they are imposed for the purpose of punishment, i.e., punishment for the underlying crime as opposed to punishment for a violation of prison regulations, or where they are excessive in relation to the legitimate government purpose for which they are imposed. *Id.*

Plaintiff has only alleged the bare fact that he was housed with convicts while he was a pretrial detainee. He must allege that the conditions he encountered were imposed for the purposes of punishment or that they were excessive in relation to the government's legitimate

purposes of detaining him before trial.  Normally, the Court would give leave to amend to allege those things.  In this case, however, amendment would be futile.  Unlike a case where a pretrial detainee who denies his guilt is held under conditions that may amount to pretrial punishment under *Bell*, here Plaintiff cannot allege a violation of fundamental rights,[1] because it is not disputed that Plaintiff had already allocated to his guilt and been adjudged guilty and that the judgment had only been vacated administratively so that the state court could resentence him in a way that his state sentence would run concurrently with rather than consecutively to his federal sentence.  Under these circumstances, where Plaintiff's conviction was a *fait accompli* at the relevant time, and where he received credit for time served in the interim, housing in a state prison as opposed to a county jail while awaiting resentencing cannot be said to have been a violation of the fundamental pre-conviction right to be detained under conditions no harsher than necessary to ensure appearance at trial.

Defendants are therefore entitled to dismissal, although it is under Rule 12(b)(6) for failure to state a claim, not under Rule 12(b)(1) for lack of Article III standing.  Plaintiff's injury-in-fact lies in the differences between the conditions at the state prison and the county jail.  Those differences, presuming some exist, are enough to allege injury-in-fact, but they are not enough under the undisputed facts of this case to make out a violation of law, i.e., of the substantive component of the Due Process Clause of the Fourteenth Amendment.  Plaintiff here was similarly situated to a convicted prisoner awaiting sentencing, and such a prisoner has no liberty interest against being housed in a state prison. *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000).  Finally, as the Court noted in the previous order, Plaintiff has brought no Eighth Amendment claim as against any conditions at NDOC nor any procedural due process or First

---

[1] The present claim sounds in substantive due process. *See Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1137 n.3 (9th Cir. 2011) (en banc).

Amendment retaliation claims based on having been placed into segregation for having made complaints.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 32) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 33) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

DATED: This 13th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge