# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN HISER, | Case No.: 2:15-CV-00814-RCJ-PAL |
| Plaintiff, | ORDER |
| vs. | |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

On August 30, 2017, the United States Court of Appeals for the Ninth Circuit, affirmed and reversed in part the District Court (ECF No. 52). This Court granted Plaintiff's Motion to Stay Proceedings to allow Plaintiff Bryan Hiser the opportunity to retain new counsel on or before March 30, 2018. (ECF No. 59).

On July 26, 2018 the Court set a telephonic status conference (ECF No. 61). Plaintiff filed a Notice (ECF No. 63) with the Court stating he declined to attend the status conference, "every attorney I contacted said I had no lawsuit I could not retain counsel."

The Court held the Telephonic Status Conference at 9:00 A.M., August 20, 2018 and noted for the record that Mr. Hiser had declined to attend the hearing. A discussion

was held regarding the Ninth Circuit's ruling and how to proceed.  The Court directed Mr. Hiser to show cause why this case should not be dismissed for failure to prosecute on or before September 30, 2018.   On August 20, 2018, a copy of the minutes of proceedings was provided to Mr. Hiser via U.S. Mail.  (ECF No. 64).

Plaintiff may proceed *pro se* and is granted leave to file an amended complaint to cure the deficiencies of the complaint pursuant to the United States Court of Appeals for the Ninth Circuit Memorandum (ECF No. 52).

If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); see also Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).  Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.  Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the amended complaint **ON OR BEFORE FRIDAY, DECEMBER 14, 2018**.  If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, the Court will dismiss this action with prejudice.

IT IS HEREBY ORDERED that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint in accordance with the Memorandum (ECF No. 52), Plaintiff shall file the amended complaint on or before **FRIDAY, DECEMBER 14, 2018.**

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his original complaint (ECF No. 1) and the United States Court of Appeals for the Ninth Circuit Memorandum (ECF No. 52). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action will be dismissed with prejudice.

IT IS SO ORDERED.

Dated this 9th day of November, 2018.

_____
ROBERT C. JONES
Senior District Judge