UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRIAN HISER,

Plaintiff,

v.

NEVADA DEPARTMENT OF CORRECTIONS, *et al.,*

Defendants.

Case No.: 2:15-CV-00814-RCJ-BNW

ORDER OF DISMISSAL

On August 30, 2017, the United States Court of Appeals for the Ninth Circuit, affirmed and reversed in part the District Court (ECF No. 52). On July 26, 2018, the Court set a telephonic status conference (ECF No. 61). Hiser filed a Notice (ECF No. 63) stating "that he declined to attend the status conference."

The Court held the Telephonic Status Conference at 9:00 A.M., August 20, 2018, and noted for the record that Mr. Hiser had declined to attend the hearing.

The Court issued its Order (ECF No. 65), notifying Hiser that he may file an amended complaint curing the stated deficiencies of the complaint on or before Friday, December 14, 2018, and if Hiser chooses not file an amended complaint, this action will be dismissed with prejudice.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint, if he so chooses expressly stated: "It is further ordered that if Plaintiff chooses not file an amended

complaint curing the stated deficiencies of the complaint, this action will be dismissed with prejudice. (ECF No. 65). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint on or before Friday, December 14, 2018.

IT IS ORDERED that this action is DISMISSED WITH PREJUDICE based on Plaintiff's failure to file an amended complaint with the Court in compliance with this Court's Order filed November 9, 2018 (ECF No. 65).

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly and close the case.

DATED this 18th day of June, 2019.

_____
UNITED STATES DISTRICT JUDGE